<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4993**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DEONTRAYVIA ADAMS,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:07-cr-00006-FL)

_____

Argued: October 28, 2009             Decided:  May 14, 2010

_____

Before MICHAEL, Circuit Judge, HAMILTON, Senior Circuit Judge, and Jane R. ROTH, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

_____

Vacated and remanded by unpublished opinion.  Senior Judge Roth wrote the opinion, in which Judge Michael and Senior Judge Hamilton joined.

_____

**ARGUED:** Paul K. Sun, Jr., ELLIS & WINTERS, LLP, Raleigh, North Carolina, for Appellant.  Jason Harris Cowley, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

ROTH, Senior Circuit Judge:

Deontrayvia Adams appeals his convictions for marijuana possession and for being a felon in possession of a firearm. The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Adams contends that the district court abused its discretion when, after the court's deadline for pre-trial motions had passed, it denied his right to file a motion to suppress. He also argues that his original trial counsel's failure to timely file the motion constituted ineffective assistance of counsel, that the District Court violated his Confrontation Clause rights by limiting cross-examination of key witnesses, and that the District Court improperly classified him as an Armed Career Criminal. We agree with him on the issue of the motion to suppress, but we find the other three contentions to be without merit.

Adams filed his untimely suppression motion well before the scheduled trial date; an evidentiary hearing to consider the motion would not have prejudiced the government. See United States v. Chavez, 902 F.2d 259 (4th Cir. 1990). Accordingly, we will order a limited remand to the district court for an evidentiary hearing on the motion to suppress. If the district court grants the motion, it will enter its order suppressing the

3

evidence in question, vacate the conviction, and award a new trial. If the court denies the motion, the conviction will not be set aside by the district court and we will resume jurisdiction. See United States v. Campbell, 945 F.2d 713, 716 (4th Cir. 1991).

For the reasons stated above, we VACATE the conviction and grant a LIMITED REMAND of this case for a hearing on the motion to suppress, with further action consistent with this opinion.

VACATED AND REMANDED

4